7 N.J. Super. 398 (1950)
71 A.2d 394
WILLIAM GEORGE HOEY, EXECUTOR OF THE LAST WILL AND TESTAMENT OF MARY JANE HOEY, PLAINTIFF,
v.
ANNA HOEY DELL, DEFENDANT.
Superior Court of New Jersey, Chancery Division.
Decided February 15, 1950.
*399 Messrs. McGlynn, Weintraub & Stein (Mr. Edward McGlynn appearing), attorneys for plaintiff.
Messrs. Sanderson & Engel (Mr. Frederick W. Engel, appearing), attorneys for defendant.
STEIN, J.S.C.
Mary Jane Hoey died February 1, 1949, leaving a last will and testament dated March 25, 1940, in which she named the plaintiff as her executor. Her estate consisted of real estate and cash in banks. One such account was in the Savings Investment and Trust Company of East Orange (Special Interest Department) in which there was on deposit on January 3, 1949, the sum of $6,020.15. Claiming that amount on deposit to have been a gift by her mother to her in her lifetime, the defendant withdrew the same from the bank on January 4, 1949. On that day the defendant went to the bank with a Mr. Kehlbeck and presented a slip signed in blank and the bank book. The bank required Mr. Kehlbeck to sign his name as a witness and thereupon the bank teller filled in the blank spaces, such as the date and the amount.
Plaintiff charges in his complaint that the decedent who was 74 years of age and without advice of counsel was coerced by the defendant, who, the plaintiff says stood in a confidential relation, through misrepresentation, fraud and deceit practiced upon her to execute the draft for the withdrawal of the money.
The testimony of the defendant is that on Thanksgiving Day, November, 1948, her mother partook of her Thanksgiving *400 Day dinner in her home, together with two of defendant's daughters and their husbands; that after dinner she entertained as a guest a Mr. Kehlbeck. After dinner she says her mother asked her for a pen with which she signed the withdrawal slip on the account and gave it to her together with the passbook saying, "Anna, I am giving you this as a gift;" "You have been a good daughter to me." "I don't think I will be with you next Thanksgiving." "When I leave there is bound to be a fight. There will be less to fight over." Defendant says she walked into the living room and showed the bank book and the slip to her husband and others. She also says that Mr. Kehlbeck was present when she offered her mother the pen and that he saw the bank book on the table. Mr. Kehlbeck corroborates this statement. He says he saw the decedent give the slip and the bank book to the defendant, but did not recollect what the mother said at the time.
Plaintiff being the executor of decedent's estate and suing as such, counsel for the plaintiff in his brief argues that the testimony of defendant in regard to statements of the decedent in her lifetime are incompetent under R.S. 2:97-2. The complaint charges misrepresentation, fraud and deceit on the part of defendant, hence the statute has no application.
Christian Dell, the husband of the defendant, says he was present in the living room together with his sons-in-law and others when his wife came in after dinner with the bank book and the withdrawal slip saying "See what I got from my mother." He says he opened the book and saw the slip and that his wife showed the book to some of the others in the room. He identified the slip and the book. He says his wife brought her mother into the living room where they were all seated and that he thanked his mother-in-law for the gift which she had given to his wife, and that she replied "I want Ann to have it. She has been very good to me." His testimony is corroborated by the son-in-law Arthur Redmond.
I find in this testimony the requisites of a valid gift, namely, a donative intent on the part of the donor; actual *401 delivery of the subject matter of the gift and a stripping by the donor of herself of all ownership and dominion over the subject matter of the gift. Bankers Trust Co. v. Bank of Rockville, etc., 114 N.J. Eq. 391, 168 A. 733.
The fund in this case was on deposit in the special interest department from which it could not be withdrawn without the bank book being presented with the withdrawal slip. It seems to be well settled that the delivery of the savings bank passbook without more, with the intent to make a gift of the deposit, carries with it the fund where the donor relinquishes dominion and control of the account. Borthwick v. Skurzynski, 139 N.J. Eq. 520, 52 A.2d 443; affirmed, 141 N.J. Eq. 363, 57 A. 2d 216; Rush v. Rush, 138 N.J. Eq. 611, 49 A.2d 238.
Judgment in favor of defendant.